IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:23-20012 |
| ) | |
| FEDERAL ARMAMENT LLC ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this Agreement. The agreement of the parties is as follows:

**WAIVER OF INDICTMENT AND
PLEA OF GUILTY TO INFORMATION**

1. The Defendant, FEDERAL ARMAMENT LLC, through its owner Neil Ravi Mehta, agrees to waive Indictment by a grand jury, and consents to the filing of an Information charging FEDERAL ARMAMENT LLC with one count of Unlawfully Importation and Receipt of Firearms, in violation of 18 U.S.C. §§ 922(l) and 924(a)(1)(C) and one count of Filing False or Misleading Electronic Export Information in violation of 13 U.S.C. § 305. The Defendant further agrees to plead guilty to the Information.

**CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE**

2. The Defendant acknowledges that Defendant has been advised and understands that Defendant has a right to have a United States District Judge presiding when Defendant enters a guilty plea and that Defendant can exercise that right without concern or reservation. The Defendant and the United States hereby consent to have the proceedings required by Rule 11 of the Federal Rules of Criminal Procedure incident to the making of the plea to be conducted by the

United States Magistrate Judge. If, after conducting such proceedings, the Magistrate Judge recommends that the plea(s) of guilty be accepted, a presentence investigation and report will be ordered pursuant to Federal Rule of Criminal Procedure 32. The Defendant acknowledges that this plea of guilty is subject to approval and acceptance by the District Judge and that sentencing will be conducted by the District Judge.

## WAIVER OF OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

3. The parties acknowledge that pursuant to 28 U.S.C. § 636(b)(1)(B), the failure to file objections to the Report and Recommendation within fourteen (14) days bars them from objecting to the District Court's acceptance of the guilty plea as recommended by the Magistrate Judge. Having been advised of the right to object to the Report and Recommendation, the parties wish to waive that right for the purpose of expediting acceptance of the guilty pleas in this matter. Accordingly, evidenced by their signatures appearing below, the parties hereby waive the right to object to the Magistrate Judge's Report and Recommendation Concerning Plea of Guilty, and consent to acceptance of the same by the United States District Judge so that acceptance of the guilty pleas may proceed forthwith.

## AGREEMENT REGARDING FORFEITURE

4. The Defendant, FEDERAL ARMAMENT LLC, hereby agrees to forfeit all rights, title and interest to all the firearms seized during the execution of a search warrant in case number 2:23-cm-00011-MEF which firearms are listed as Exhibit A in the Forfeiture Allegation of the Information. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture or otherwise subject to forfeiture.

    a. The Defendant consents to the immediate entry of a preliminary order of

forfeiture upon entry of the guilty plea. The Defendant further agrees that upon entry of the preliminary order of forfeiture, such order will be considered final as to Defendant's interests in the property(ies). The Defendant agrees to immediately withdraw any claims to property(ies) seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. The Defendant agrees to execute any and all documents requested by the United States to facilitate or complete the forfeiture process(es.) The Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

    b. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he/she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

    c. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant also agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the

abatement of any underlying criminal conviction after the execution of this agreement.

### ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

5. The Defendant has fully discussed with defense counsel the facts of this case and the elements of the crimes to which the Defendant is pleading guilty. The Defendant has committed each of the elements of the crimes to which the Defendant is pleading guilty and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

a. Federal Armament LLC ("FEDARMS) is an Arkansas limited liability company headquartered at 5730 North 6th Street, Fort Smith, Arkansas, that engaged in the business of manufacturing and selling ammunition, firearms, and other related items. FEDARMS was wholly owned by XN Capital LLC, a Delaware limited liability company, which was wholly owned by Neil Ravi Mehta.

### Count 1 - Unlawfully Importation and Receipt of Firearms

b. FEDARMS was issued a Type 7 Federal Firearms License allowing it to manufacture firearms other than destructive devices and a Type 8 Federal Firearms License allowing it to import firearms or ammunition for firearms other than destructive devices or ammunition other than armor piercing ammunition. The premises address for both licenses was originally 5701 S 73rd Place, Fort Smith, Arkansas 72904 but moved to 5730 N. 6th Street, Fort Smith, Arkansas 72904 in 2017.

c. 18 U.S.C. § 922(1) prohibits the importation into the United States of any firearm except for a firearm that satisfy the criteria as set forth in 18 U.S.C. § 925(d), which allows the importation of firearms that are "…particularly suitable for or readily adaptable to sporting purposes…."

d. 27 CFR § 478.112, prohibits any firearm to be imported into the United States by a licensed importer unless authorized by the Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") based on a determination that the firearm satisfies the criteria of 18 U.S.C. § 925(d). A firearm with a magazine capacity exceeding five cartridges does not satisfy the "sporting purposes" exception under 18 U.S.C. § 925(d) and is not permitted for importation by the ATF.

e. The general process by which a licensed importer obtains a permit to lawfully import firearms under the "sporting purposes" exception is as follows:

i. Pursuant to 27 CFR § 478.116, a single sample of a particular model firearm that the licensed importer desires to import is conditionally imported so the ATF can determine if the particular model firearm satisfies the "sporting purposes" exception under 18 U.S.C. § 925(d).

ii. If the ATF determines that the single sample model firearm satisfies the "sporting purposes" exception, ATF issues a permit to the licensed importer that allows the licensed importer to import a designated number of the approved model firearm over a certain period of time. The permit only authorizes the importation of firearms that have the same design, dimensions, configuration, method of operation, and materials as the sample model firearm approved by the ATF.

iii. Pursuant to 27 CFR § 478.92, all imported firearms must have certain specified information engraved on the firearm at a specified minimum height and depth.

iv. If ATF determines that the particular sample model firearm satisfies the "sporting purposes" exception, it notifies the licensed importer of this finding and issues a permit allowing the licensed importer to import a designated number of the approved model firearm during a set period of time.

      v.    After the ATF issue an import permit for a particular model firearm, the licensed importer must submit an import ATF form 6 application to the ATF listing, among other information, the quantity and serial numbers for the model firearms that the licensed importer desires to import pursuant to a particular permit. Approval by the ATF of the ATF form 6 application authorizes the licensed importer to import the firearms specified in the ATF form 6 application.

      vi.    After the firearms specified in the ATF form 6 are imported and received by the licensed import, ATF form 6A must be filed with the ATF by the licensed importer verifying that the particular model firearms with specified serial numbers as set forth in the ATF form 6 application were imported and received and certifying that the imported firearms were properly engraved as required by 27 CFR § 478.92.

      f.    Between January 18, 2016, and October 3, 2022, FEDARMS submitted ATF forms 6 seeking permission to import a specified number of firearms, identified by serial number and model, to the FEDARMS' premises in Fort Smith, Arkansas. ATF permitted the importation of these firearms which included various model shotguns which were required to have a magazine capacity that did not exceed five cartridges. Between November 1, 2016, and December 13, 2022, FEDARMS submitted ATF forms 6A acknowledging receipt by FEDARMS of the model firearms corresponding to the FEDARMS' ATF form 6 applications and permits.

      g.    On January 31, 2023, federal law enforcement officers executed a search warrant on FEDARMS at 5730 North 6th Street, Fort Smith, Arkansas based, in part, on a prior administrative inspection of FEDARMS during which inspectors found numerous imported firearms that had a magazine capacity exceeding 5 cartridges or which were not properly engraved. The fact that the firearms had been imported with a magazine capacity exceeding 5 cartridges was

established by an interview of the FEDARMS' employee responsible for the importation of the firearms who told inspectors that FEDARMS had not reconfigured the firearms after importation.

h. During the execution of the search warrant on January 31, 2023, federal law enforcement officers discovered and seized 991 shotguns of various models that were unlawfully imported and received by FEDARMS because they were not permitted for importation because their magazine capacities exceeded five cartridges. FEDARMS filed ATF forms 6A for these shotguns showing that they were imported between April 20, 2021, and May 6, 2022. Officers also discovered and seized other firearms that were unlawfully imported due to the fact that the firearms lacked engraving marks that satisfied the requirements of 27 CFR § 478.9. A total of 3185 firearms were seized from FEDARMS because they were unlawfully imported due to excess magazine capacity or because they lacked required engraving marks.

**Count 2 - Filing False or Misleading Electronic Export Information**

i. Under 13 U.S.C. § 305, it is a crime to file false or misleading Electronic Export Information ("EEI") which is information used to control exports and is a source document for official U.S. export statistics. The Automated Export System (AES) is the electronic system for collecting Electronic Export Information (EEI) from persons exporting goods from the United States.

j. An EEI must be filed electronically by the U.S. Principal Party in Interest (USPPI), or their U.S. authorized agent. For purposes of filing EEI, the USPPI is the person or legal entity in the United States that receives the primary benefit, monetary or otherwise, from the transaction. The filer is responsible for the truth, accuracy, and completeness of the EEI and all EEI submitted shall be complete, correct, and based on personal knowledge of the facts stated or on information furnished by the parties to the export transaction.

k. From January 15, 2019, to August 16, 2021, FEDARMS filed thirteen EEI records consisting of export license applications with nine of these applications listing Mark Bailey as both the contact person and license applicant and three listing Mark Bailey as contact person only. The Arkansas Department of Workforce Services (ADWS) does not have any reporting of wages for Mark Bailey by FEDARMS.

l. On June 27, 2022, FEDARMS submitted to the U.S. Department of Commerce license application Z1745372 for approval to export one hundred (100) model number R-AR-556-013, AR-15 style with a 16" barrel, 5.56 caliber rifle with a USD value of $48,299 and one (1) model number ARP AR-15 upper receiver with a USD value of $1,000 to Poland. Mark Bailey was listed on license application Z1745372 as the contact person for FEDARMS.

m. On December 14, 2022, ATF Special Agent Tyler Cowart interviewed Neil Mehta at FEDARMS and asked Mehta about an email address "mark@fedarm.com" listed on some of the ATF licensing forms. This email address had also been used on some of the EEI records for FEDARMS. Mehta stated that the email address previously belonged to Mark Bailey but Bailey left the company in June 2021.

n. Based on Mehta's statement and the ADWS records showing no wages paid to Mark Bailey by FEDARMS, the EEI records for license application Z1745372 submitted by FEDARMS on June 27, 2022 contained false and misleading information in that it named Mark Bailey as the contact person for license application Z1745372, when Mark Bailey was neither employed by FEDARMS nor acting as contact person for FEDARMS at the time of the submission.

o. Based on the above outlined evidence and other investigation not summarized above, the United States can prove beyond a reasonable doubt that the defendant, FEDERAL

ARMAMENT LLC, committed the offenses of Unlawfully Importation and Receipt of Firearms, in violation of 18 U.S.C. §§ 922(l) and 924(a)(1)(C) and Filing False or Misleading Electronic Export Information in violation of 13 U.S.C. § 305 in the Western District of Arkansas.

## ADVICE OF RIGHTS

6. The Defendant hereby acknowledges that the Defendant has been advised of and fully understands the following constitutional and statutory rights:

   a. to have an attorney and if the Defendant cannot afford an attorney, to have one provided to the Defendant and paid for at the United States' expense;
   b. to persist in the Defendant's plea of not guilty;
   c. to have a speedy and public trial by jury;
   d. to be presumed innocent until proven guilty beyond a reasonable doubt;
   e. to confront and examine witnesses who testify against the Defendant;
   f. to call witnesses on the Defendant's behalf;
   g. to choose to testify or not testify and that no one could force the Defendant to testify; and,
   h. to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

7. The Defendant hereby acknowledges that the Defendant understands with respect to each count to which the Defendant pleads guilty, the Defendant thereby WAIVES all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

8. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

9. The Defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. §

3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

10. The Defendant agrees that if after signing this Plea Agreement the Defendant commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the Defendant provides information to the Probation Office or the Court that is intentionally misleading, intentionally incomplete, or intentionally untruthful, or if the Defendant violates any term of this Plea Agreement, takes a position at sentencing which is contrary to the terms of this Plea Agreement, or attempts to withdraw from this Plea Agreement, this shall constitute a breach of this Plea Agreement which shall release the United States from any and all restrictions or obligations placed upon it under the terms of this Agreement and the United States shall be free to reinstate dismissed charges or pursue additional charges against the Defendant. The Defendant shall, however, remain bound by the terms of the Agreement, and will not be allowed to withdraw this plea of guilty unless permitted to do so by the Court.

11. The Defendant further agrees that a breach of any provisions of this Plea Agreement shall operate as a WAIVER of Defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the United States shall be allowed to use and to introduce into evidence any one or more of the following:

   a. admissions against interest, both oral and written, made by the Defendant to any person;
   b. statements made by the Defendant during the Defendant's change of plea hearing;
   c. the factual basis set forth in the Plea Agreement;
   d. any testimony given under oath in these proceedings or to a grand jury or a petit jury;
   e. any and all physical evidence of any kind which the Defendant has provided to the United States; and,
   f. any and all information provided by the Defendant to the United States'

attorneys, or to federal, state, county, and/or local law enforcement officers.

12. The Defendant understands and agrees that the United States shall only be required to prove a breach of the Plea Agreement by a preponderance of the evidence. The Defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

## MAXIMUM PENALTIES

13. The Defendant hereby acknowledges that the Defendant has been advised of the maximum penalties for the counts to which the Defendant is pleading guilty. By entering a plea of guilty to the two count Information, the Defendant agrees that the Defendant faces:

**As to Count 1:**

  a. Pursuant to 18 U.S.C. § 3571(c) and (d), a maximum fine of $500,000 or twice the gross pecuniary gain derived from the offense;
  b. Pursuant to 18 U.S.C. § 3561(c), probation for not less than one year nor more than 5 years;
  c. Pursuant to 18 U.S.C. § 3013, a special assessment of $400.00.

**As to Count 2:**

  a. Pursuant to 18 U.S.C. § 3571(c) and (d), a maximum fine of $500,000 or twice the gross pecuniary gain derived from the offense;
  b. Pursuant to 18 U.S.C. § 3561(c), probation for not less than one year nor more than 5 years;
  c. Pursuant to 18 U.S.C. § 3013, a special assessment of $400.00.

## AGREEMENT TO PROVIDE FINANCIAL INFORMATION

14. The Defendant agrees that no later than thirty (30) days after the change of plea, the Defendant shall complete the financial disclosure statement and the accompanying releases provided by the United States Attorney's Office and deliver them to the United States Probation Office and the United States Attorney's Office. This financial disclosure statement is sworn by the Defendant to be true and correct under penalty of perjury. The Defendant agrees that his failure to

truthfully and fully complete the financial disclosure statement and accompanying releases may result in the Government objecting to the Defendant receiving a reduction for acceptance of responsibility.

## PAYMENT OF MONETARY PENALTIES

15. The Defendant agrees that monetary penalties to include special assessments, fine, and/or restitution imposed by the Court will be: (i) subject to immediate enforcement as provided in 18 U.S.C. § 3613c; and (ii) submitted to the Treasury Offset Program so that any federal payment such as an income tax refund or transfer of returned property the Defendant receives may be offset and applied to federal debt without affecting the periodic payment schedule ordered by the Court.

## NO OTHER CHARGES

16. If the Court accepts this plea agreement, The United States agrees that no other federal charges, which stem from the activities described in the Information will be brought against the Defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

17. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the Defendant to any sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

18. The Defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The Defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not

bind the District Court. Further, the Defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the Defendant agrees that this does not give the Defendant the right to withdraw the Defendant plea of guilty.

## RELEVANT CONDUCT CONSIDERED

19. At the sentencing hearing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the Defendant's background, character, and conduct, including the conduct that is the subject of this investigation for which the Defendant has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this Agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

20. In the event that it is determined that the Defendant has not been truthful with the Court as to any statements made while under oath, this Agreement shall not be construed to protect the Defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE UNITED STATES

21. The United States agrees not to object to a recommendation by the Probation Office or a ruling of the Court which awards the Defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater and the Court accepts a recommendation in the Presentence Report that the Defendant receive two levels for acceptance of responsibility, the United States agrees to move for an additional one-level reduction for acceptance of responsibility for a total of three levels. However, the United States will not be obligated to move for an additional one-point reduction or

recommend any adjustment for acceptance of responsibility if the Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following: a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this Agreement; b) falsely denies additional relevant conduct in the offense; c) is untruthful with the United States, the Court, or probation officer; or d) materially breaches this Plea Agreement in any way.

## UNITED STATES' RESERVATION OF RIGHTS

22. Although the United States agrees not to object to certain findings by the Probation Office or to rulings of the Court, it reserves the right to:

    a. make all facts known to the Probation Office and to the Court;
    b. call witnesses and introduce evidence in support of the Presentence Report;
    c. contest and appeal any finding of fact or application of the Sentencing Guidelines;
    d. contest and appeal any departure from the appropriate guideline range; and,
    e. defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the United States in this Plea Agreement which are favorable to the Defendant.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

23. The United States' concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the Defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the Defendant acknowledges that there is no right to withdraw the guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

24. The parties agree that nothing in this Agreement binds the Court to:

    a. make any specific finding of fact;
    b. make any particular application of the Sentencing Guidelines;
    c. hand down any specific sentence;

   d.  accept any stipulation of the parties as contained in this Plea Agreement; or
   e.  accept this Plea Agreement.

25. The United States and the Defendant acknowledge that the Court has an obligation to review the Presentence Report before it accepts or rejects this Plea Agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

26. The parties agree that this Plea Agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESSMENT

27. The Defendant agrees to pay $800.00 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT

28. By signing this Plea Agreement, the Defendant, through its owner, Neil Ravi Mehta, acknowledges that:

  a. The Defendant has read this Plea Agreement (or has had this Plea Agreement read to him/her) and has carefully reviewed every part of it with defense counsel.
  b. The Defendant fully understands this Plea Agreement and is not under the influence of anything that could impede the Defendant's ability to fully understand this Plea Agreement.
  c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this Plea Agreement.
  d. The Defendant is satisfied with the legal services provided by defense counsel in connection with this Plea Agreement and matters related to it.
  e. The Defendant has entered into this Plea Agreement freely, voluntarily, and without reservation, and the Defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the Defendant or anyone connected with the Defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

29. By signing this Plea Agreement, counsel for the Defendant acknowledges that:

  a. Counsel has carefully reviewed every part of this Plea Agreement with the Defendant's owner, Neil Ravi Mehta, and this Plea Agreement accurately

      b. Counsel has explained the ramifications of the Plea Agreement to the Defendant's owner, Neil Ravi Mehta, and believes that the Defendant's owner, Neil Ravi Mehta, understands this Plea Agreement, what rights are being lost by pleading guilty, and what the United States has agreed to do in exchange for the plea of guilty.

      c. Counsel believes that the Defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

30. The Defendant, through its owner, Neil Ravi Mehta, and the Defendant's attorney both acknowledge that this Plea Agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the Defendant to change his/her plea to guilty.

Dated this **17th** day of **October**, 2023.

_Neil Ravi Mehta_
FEDERAL ARMAMENT LLC
BY NEIL RAVI MEHTA, owner of
XN Capital LLC owner of Federal
Armament LLC
Defendant

_W.H. Taylor_
W.H. TAYLOR
Attorney for Defendant

DAVID CLAY FOWLKES
UNITED STATES ATTORNEY

By: _Kenneth Elser_
KENNETH ELSER
Assistant U.S. Attorney