IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 2:23-cr-20012
)
FEDERAL ARMAMENT LLC )

**PRELIMINARY ORDER OF FORFEITURE**

On October 26, 2023, the Defendant, FEDERAL ARMAMENT LLC, through its owner Neil Ravi Mehta, entered a plea of guilty to an Information charging it with one count of Unlawful Importation and Receipt of Firearms, in violation of 18 U.S.C. §§ 922(l) and 924(a)(1)(C) (Count One); one count of Filing False or Misleading Electronic Export Information, in violation of 13 U.S.C. § 305 (Count Two); and containing a Forfeiture Allegation.

Pursuant to the Plea Agreement entered into by the parties, the Defendant corporation agrees to forfeit all rights, title and interest to all firearms constituting property involved in violations of 18 U.S.C. §§ 922(l) and 924(a)(1)(C) charged in Count One of the Information that were seized during the execution of search warrants in Case No. 2:23-cm-00011-MEF, which firearms are listed as Exhibit A in the Forfeiture Allegation of the Information. The Defendant acknowledges that all property covered by the Plea Agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

Pursuant to the Plea Agreement, the Defendant consents to the immediate entry of a Preliminary Order of Forfeiture upon entry of the guilty plea. The Defendant further agrees that upon entry of the Preliminary Order of Forfeiture, such Order will be considered final as to Defendant's interests in the properties. The Defendant agrees to immediately withdraw any claims to properties seized in connection with this case in any pending administrative and civil

forfeiture proceeding, and consents to forfeiture to the United States of all property identified in Exhibit A of the Information. The Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es). The Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the properties seized in connection with this case.

Pursuant to the Plea Agreement, the Defendant agrees to consent to the entry of Order(s) of Forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant corporation acknowledges its understanding that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise it of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Pursuant to the Plea Agreement, the Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant corporation also agrees that the forfeiture provisions of the Plea Agreement are intended to, and will, survive it, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

1. That based upon the guilty plea of the Defendant, the following assets shall be forfeited to the United States:

a. all firearms constituting property involved in violations of 18 U.S.C. §§ 922(1) and 924(a)(1)(C) charged in Count One of the Information that were seized during the execution of search warrants in Case No. 2:23-cm-00011-MEF, which firearms are listed as Exhibit A in the Forfeiture Allegation of the Information

as property involved in illegal conduct giving rise to forfeiture.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this Order, the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this Order and the Plea Agreement, to conduct any discovery the Court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of this Order pursuant to Fed. R. Crim. P. 32.2(b)(6).

5. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c), in which all interests will be addressed.

IT IS SO ORDERED this 30th day of OCTOBER, 2023.

_____
HONORABLE P.K. HOLMES
UNITED STATES DISTRICT JUDGE

Reviewed and consented to by:

_____
FEDERAL ARMAMENT LLC
BY NEIL RAVI MEHTA, owner of
XN Capital LLC, and owner of Federal
Armament LLC, Defendant

_____
W.H. Taylor, Attorney for Defendant

_____
Kenneth Elser, Assistant U.S. Attorney